IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN L. THOMAS BRUCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3657-K-BN |
| | § | |
| NATIONSTAR MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. For the reasons explained below, the undersigned recommends that this case be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 41(b).

**Background**

Plaintiff Jean L. Thomas Bruce, proceeding *pro se*, filed this action in state court on October 2, 2015, and Defendant Nationstar Mortgage then timely removed this case to this Court on November 12, 2015. *See* Dkt. No. 1.

The Court then entered an order on November 12, 2015 requiring that Plaintiff and Defendant's counsel confer in person or by telephone by November 27, 2015 and then submit a joint written Federal Rule of Civil Procedure 26(f) report by December 11, 2015. *See* Dkt. No. 7. The Court's order also set a Federal Rule of Civil Procedure

-1-

16(b) pretrial scheduling conference for December 16, 2015 and ordered that Plaintiff

and Defendant's counsel attend in person. *See id.*

The Court's Order Requiring 26(f) Report and Setting 16(b) Conference [Dkt. No.

7] explained the following to Plaintiff regarding the Court's expectations:

> As is her right, Plaintiff has chosen to bring this action without an attorney. Plaintiff has undertaken certain responsibilities through her decision to prosecute her case without an attorney, including (1) that she be aware of the Federal Rules of Civil Procedure and the Local Rules and Standing Orders of this Court (which are all available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders); (2) that she timely comply with any order issued by this Court; and (3) that she cooperate with counsel for Defendant. Because Plaintiff is a *pro se* litigant, the Court may hold her filings to a less stringent standard than papers drafted and filed by an attorney. But this is Plaintiff's lawsuit, and – ultimately – Plaintiff must prove that she is entitled to relief. Neither the Court (or any of its staff) nor counsel for Defendant will serve as *de facto* counsel for Plaintiff. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel"). This means, among other things, that Plaintiff is responsible for conducting discovery to obtain the evidence she needs to prove her case.
>
> The Court expects that, throughout these proceedings, including specifically as to discovery, both Plaintiff and Defendant's counsel will be courteous, cooperative, and professional. *See Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF). Although Plaintiff is not a lawyer, she must prosecute this action in a manner that does not overly burden the Court or Defendant.
>
> Plaintiff is cautioned that the Court possesses the power to sanction her, which can include the dismissal of her lawsuit, for failure to comply with all orders of the Court and applicable rules of procedure, particularly those rules that govern discovery (which are set out below). *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37. Plaintiff is further cautioned that the progress of this case will not be delayed because she is without an attorney, and the Court will not be more inclined to grant extensions because she is without an attorney.

*Id.* at 1-2.

The Court's order also advised that the required Rule 26(f) report must be signed by Plaintiff and Defendant's counsel and that "[a]nyone who fails to sign the report will be subject to sanctions." *Id.* at 5. And the Court further warned that "[t]he parties are warned that failing to comply with any part of this order may result in the imposition of sanctions." *Id.* at 7 (citing FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f)).

Also on November 12, 2015, the Court entered an order requiring that, by December 4, 2015, Plaintiff must comply with Northern District of Texas Local Civil Rule 81.2 (governing a certificate of interested persons in a removed case) so that the Court can ensure that recusal is not required in this case. *See* Dkt. No. 6.

None of the copies of these – or any other – orders that the Clerk's Office has mailed to Plaintiff have been returned undelivered.

On December 1, 2015, Defendant filed a Notice of Inability to Conduct Rule 26(f) Conference. *See* Dkt. No. 8. The notice explained:

> 1.    Defendant's counsel attempted to contact Plaintiff by telephone on November 24, 2015, but was unable to reach her. Defendant's counsel called the phone number listed on the Citation to Plaintiff's Original Petition and the Court's website (469-682-6854) and left a voicemail asking for a return call. Defendant's counsel also searched for alternative phone numbers but was not able to find a working number.
>
> 2.    Given the limited contact information available for Plaintiff, Defendant's counsel sent Plaintiff a letter on November 24, 2015 (the "Letter"). (A copy of the Letter is attached hereto and incorporated by reference as Exhibit A). Defendant's Letter enclosed a copy of the Court's November 12th Order and advised Plaintiff of the November 27th deadline to conduct the Rule 26(f) conference. *Id.* Defendant's Letter also asked Plaintiff to provide her current telephone number and a time that she was available to conduct the Rule 26(f) conference. *Id.* Defendant sent

the Letter via overnight Fed-Ex and also attempted to send it via hand-delivery, but the delivery person was not able to gain access to the Plaintiff's house. (Attached hereto and incorporated by reference as Exhibit B is an affidavit from the driver from Special Delivery Service, Inc. regarding his unsuccessful attempt to deliver the letter).

      3.    On November 25, 2015, Defendant's counsel again tried to reach Plaintiff by telephone at the number listed on the court's website (469-682-6854). However, nobody answered the call and Defendant's counsel left another voicemail. A few minutes later, Defendant's counsel received a return call from a person who identified himself as Plaintiff's husband, Lee Bruce ("Mr. Bruce"). Defendant's counsel explained the reason for the call and emphasized the November 27th deadline. Mr. Bruce confirmed receipt of the Letter, and stated that he would have Plaintiff call me back. Defendant's counsel never received a return phone call from Plaintiff.

      4.    On November 27, 2015, Defendant's counsel once again tried to reach Plaintiff by telephone. However, as before, nobody answered the phone and Defendant's counsel left a message. However, Defendant never received a return phone call.

      5.    Defendant's counsel made another attempt to contact Plaintiff by telephone on November 30, 2015. Mr. Bruce answered the phone and explained that his wife was out of town. Defendant's counsel asked Mr. Bruce if he could provide Plaintiff's phone number, but he stated that he did not have a telephone number for Plaintiff and that she was in an area that did not have good service. However, Mr. Bruce stated that he would give Plaintiff the message when he next spoke to her.

      6.    Accordingly, Defendant's counsel hereby advises the Court that, despite its best efforts, Defendant was not able to reach Plaintiff to conduct the Rule 26(f) conference by the November 27, 2015 deadline. However, Defendant's counsel will continue to try to reach Plaintiff to conduct a Rule 26(f) conference and to submit a joint written Rule 26(f) report by December 11, 2015, as directed in this Court's November 12, 2015 Order (Dkt. #7).

*Id.* at 1-3.

The December 4 deadline for Plaintiff to comply with Local Civil Rule 81.2 has come and passed without any filing in this case by Plaintiff or, to the Court's knowledge, any contact by Plaintiff with the Court's staff or the Clerk's Office.

On December 11, 2015, Defendant filed a report pursuant to the Court's

November 12, 2015 Order Requiring 26(f) Report and Setting 16(b) Conference [Dkt. No. 7] and noted that, "[a]s set forth in its previously-filed Notice of Inability to Conduct Rule 26(f) Conference (Dkt. 8), Defendant was not able to get in touch with Plaintiff to conduct the Rule 26(f) conference despite repeated good-faith efforts." Dkt. No. 9 at 1. Defendant also asserted the following statement of the case, from its perspective:

> This is a mortgage dispute that Plaintiff Jean L. Thomas Bruce ("Plaintiff") filed concerning her property located at 308 E. Wheatland Road, Dallas, Texas 75241 (the "Property). The lawsuit was filed to stop a foreclosure sale that was scheduled for October 6, 2015. This is the second lawsuit that Plaintiff has filed against Nationstar and it essentially repeats the same claims as the first lawsuit. Among other things, Plaintiff claims that Nationstar does not have authority to foreclose, that Nationstar is required to provide the original note or a certified true copy before it can foreclose, and that Nationstar violated the FDCPA by allegedly misrepresenting that it has authority to foreclose. Plaintiff seeks damages and declaratory and injunctive relief.
>
> Plaintiff's allegations have no merit. Nationstar is the lender and servicer of Plaintiff's mortgage loan with proper authority to foreclose. Plaintiff's loan was originated by Centex Home Equity Company, LLC (which is now Nationstar) and Texas law does not require a lender to provide the original or a certified true copy of the note prior to foreclosing. Plaintiff's claims are also barred by res judicata because all of the claims in the first lawsuit (which are essentially the same as the claims in this lawsuit) were dismissed with prejudice. Nationstar filed a general denial in state court, denying all of Plaintiff's claims and allegations. Defendant has also asserted various affirmative and other defenses. Defendant does not believe the issues will require any expert testimony at this time.

*Id.* at 1-2.

On December 16, 2015, as ordered, the Court held a Rule 16(b) conference, at which Defendant's counsel appeared but – despite the Court's waiting an additional 15 minutes to begin the conference – Plaintiff did not appear. *See* Dkt. No. 10. To the

Court's knowledge, Plaintiff has never communicated with the Court's staff or the Clerk's Office regarding any inability to appear.

The Court then entered a December 16, 2015 Order to Show Cause, in which it noted that Plaintiff is responsible for prosecuting her claims and moving this litigation forward; that, at the December 16, 2015 Rule 16(b) conference, Defendant's counsel reported to the Court that Defendant's counsel has still been unable communicate with Plaintiff despite their efforts; that the record shows that Plaintiff has, to date, taken no action in this case since initially filing this action on October 2, 2015 and having Defendant served; and that Plaintiff has now failed to comply with the Court's orders to confer with Defendant's counsel and submit a Rule 26(f) report, to make a filing that complies with Local Civil Rule 81.2, and to appear for the Court's December 16, 2015 Rule 16(b) conference. *See* Dkt. No. 11 at 6. Accordingly, the Court ordered that, by December 28, 2015, Plaintiff must show good cause in writing for her failure to comply with the Court's November 12, 2015 Order [Dkt. No. 6] and November 12, 2015 Order Requiring 26(f) Report and Setting 16(b) Conference [Dkt. No. 7]. *See id.* The Court warned that "[f]ailure of Plaintiff to show good cause may result in appropriate sanctions, including a recommendation to Judge Kinkeade that this case be dismissed without prejudice for failure to comply with the Court's orders and/or failure to prosecute pursuant to Federal Rules of Civil Procedure 16(f) and/or 41(b)." *Id.* at 8.

In the absence of any input from Plaintiff, the Court also entered an Initial Scheduling Order based on Defendant's 26(f) report and discussion with Defendant's counsel at the Rule 16(b) conference. *See* Dkt. No. 12.

Plaintiff has not responded to the Court's Order to Show Cause [Dkt. No. 11], and the court-ordered deadline to do so has passed.

## Legal Standards

The Court has broad discretion in formulating sanctions for a violation of its scheduling or pretrial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Under Federal Rule of Civil Procedure 16(f), the Court may, *sua sponte*, issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a pretrial order. *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order."). Rule 37(b)(2)(A), in turn, provides: "If a party or a party's officer, director, or managing agent – or a witness designated under [Federal Rule of Civil Procedure] 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under [Federal Rule of Civil Procedure] 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: ... (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; [or] (v) dismissing the action or proceeding in whole or in part...." FED. R. CIV. P. 37(b)(2). But, when considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of striking pleadings or dismissal, may prove effective. *See, e.g., Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488

(5th Cir. 2012).

The Court also has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Finally, Federal Rule of Civil Procedure 37(f) provides that, "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(f).

## Analysis

Plaintiff Jean L. Thomas Bruce has, as laid out above, repeatedly and consistently failed to comply with the Court's orders, including, most recently, the Court's Order to Show Cause [Dkt. No. 11]. By not complying with the Court's orders, Plaintiff has failed in her obligations to prosecute her own lawsuit and has prevented the Court from ensuring that recusal is not required. As this Court has long

recognized, dismissal of a lawsuit without prejudice is warranted under these circumstances. *See, e.g.*, *Abdul-Rahman v. Bank of America*, No. 3:14-cv-2365-M-BN, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (citing *Wiggins v. Management & Training Corp.*, No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003); *Champagne v. Zoley*, No. 3:08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009)).

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of Plaintiff's case and allow it to move along with only Defendant participating until such time (if ever) as Plaintiff decides to comply with the Court's orders and communicate with the Court and Defendant's counsel – all of which Plaintiff has wholly failed to do since the case's initial filing despite the Court's entry of multiple orders and Defendant's counsel's efforts.

The Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 16(f) and 41(b). But, if, within 14 days of the date of this recommendation, Plaintiff Jean L. Thomas Bruce shows good cause in writing for her failure to comply with the Court's November 12, 2015 Order [Dkt. No. 6] and November 12, 2015 Order Requiring 26(f) Report and Setting 16(b) Conference [Dkt. No. 7] as well as the Court's Order to Show Cause [Dkt. No. 11], the Court should refer the case back to the undersigned United States magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE